IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-01659-GPG

NORVELL WEBSTER CRUMP,

    Plaintiff,

v.

CENTERAL OFFICE OF GENERAL COUNSEL AND BUREUA OF PRISONS
    FEDERAL NORTH,
CENTRAL REGIONAL OFFICE, AGENCIE(S) OF BUREAU OF PRISONS (BOP)
    ADMINISTRATIONS, and
ADMINISTRATIVE MAXIMUM,

    Defendants.

## ORDER OF DISMISSAL

Plaintiff, Norvell Webster Crump, is a prisoner in the custody of the Federal Bureau of Prisons currently incarcerated at the United States Penitentiary Administrative Maximum Facility in Florence, Colorado.  Mr. Crump initiated this action by filing *pro se* a Prisoner Complaint (ECF No. 1), a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (ECF No. 2), and a Motion to Appoint Counsel (ECF No. 3).  On August 6, 2015, Magistrate Judge Gordon P. Gallagher entered an order directing Mr. Crump to cure certain deficiencies if he wished to pursue his claims.  Specifically, Magistrate Judge Gallagher directed Mr. Corning to file on the proper form a complete Prisoner Complaint, including Jurisdiction, Nature of the Case, Cause of Action, and Previous Lawsuits, and to submit a certified copy of his trust fund statement for the six-month period immediately preceding the filing of this action and a

signed authorization to calculate and disburse filing fee payments.  Mr. Crump was warned that the action would be dismissed without further notice if he failed to cure the deficiencies within thirty days.

In response to the Court's Order to Cure, Plaintiff filed two motions (ECF Nos. 8 and 9) requesting appointment of counsel and an Application to Proceed Without Prepayment of Fees and Costs (ECF No. 6) along with a certified copy of his trust fund statement.  In a minute order entered on September 11, 2015, Magistrate Judge Gallagher explained that Plaintiff had not cured all of the deficiencies in this action because he did not file on the proper forms a complete Prisoner Complaint and a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 along with a signed authorization to calculate and disburse filing fee payments.  Magistrate Judge Gallagher directed the clerk of the court to mail to Plaintiff blank copies of the Prisoner Complaint and Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 and instructed Plaintiff to cure the remaining deficiencies using those forms.  Plaintiff was warned that if he failed to cure the remaining deficiencies within the time allowed, the instant action would be dismissed without further notice.  On October 6, 2015, Mr. Crump filed a "Motion inmate request to go to trial in a criminal case also requesting appointment of counsel 2.2 he's entitled to" (ECF No. 11).

The Court finds that Mr. Crump has failed to cure the deficiencies within the time allowed.  Therefore, the action will be dismissed without prejudice for failure to cure the deficiencies.

Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis*

status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Plaintiff files a notice of appeal he also must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.  Accordingly, it is

ORDERED that the Prisoner Complaint (ECF No. 1) and the action are dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure because Mr. Crump has failed to cure the deficiencies as directed.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.  It is

FURTHER ORDERED that the Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (ECF No. 2), Application to Proceed Without Prepayment of Fees and Costs (ECF No. 6), and "Motion inmate request to go to trial in a criminal case also requesting appointment of counsel 2.2 he's entitled to" (ECF No. 11), are denied as moot.

DATED at Denver, Colorado, this  16th  day of   October   , 2015.

BY THE COURT:


  s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court